IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN EDUARDO LUNA GOMEZ,

        Plaintiff,

v.                                                   Civil Action No. 3:20cv675

INTERNAL REVENUE SERVICE,

        Defendant.

## MEMORANDUM OPINION

Marvin Eduardo Luna Gomez, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on April 1, 2021, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 11.) Plaintiff filed a Particularized Complaint. (ECF No. 12.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.[2] For the reasons set forth below, the Court will DISMISS the action for failure to state a claim and because it is legally frivolous.

### I. Standard of Review

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[1] This statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The statute provides, in pertinent part: "The Court shall review . . . as soon as practicable after docketing . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a).

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second standard, failure to state a claim on which relief may be granted, is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted),

stating a claim that is "plausible on its face," rather than merely "conceivable," *id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Gomez's Allegations

Gomez's claims are far from clear. He appears to contend that he was victim of identity theft. (Compl. 1, ECF No. 12.)[3] He seems to claim that either through fraud or incompetence, the Internal Revenue Service ("IRS") improperly failed to pay him a refund in 2017. (*Id.* 1–2.) This resulted in hardship for Gomez and he claims the IRS "is responsible for everything that happened to [him] from May of 2017 to August 03 – 2017, and everything that came with the conviction of 08/03/2020." (*Id.* 6.) Gomez contends that he suing the IRS for "direct contempt, contempt, and constructive contempt." (*Id.* 5.) He seeks $188,750 in damages. (*Id.* 6.)

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Gomez's submissions.

3

### III. Analysis

This Court need not engage in an extended discussion of Gomez's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke*, 490 U.S. at 324)). As discussed below, Gomez's claims fail for two reasons.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). And "[i]n order to state a viable *Bivens* claim, a plaintiff must allege facts which indicate that a person acting under color of *federal* authority deprived him or her of a constitutional right." *Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (emphasis added) (footnote omitted) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)).[4]

First, the courts have refused "to recognize a *Bivens*-type cause of action against the IRS and IRS officials and agents." *Young v. IRS*, 596 F. Supp. 141, 146 (N.D. Ind. 1984) (citing *Seibert v. Baptist*, 594 F.2d 423, 429–32 (5th Cir. 1979)); *accord Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself." (citing *Keene Corp. v. United States*, 700 F.2d 836, 845 n.13 (2d Cir. 1983))). Second, sovereign immunity bars Gomez's claim for monetary damages against the

---

[4] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

IRS. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Abell v. Sothen*, 214 F. App'x 743, 751 (10th Cir. 2007) (concluding sovereign immunity barred plaintiffs' attempt to sue the IRS). Accordingly, Gomez's claims and the action will be DISMISSED for failure to state a claim and as legally frivolous.

## IV. Conclusion

For the foregoing reasons, Gomez's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED WITH PREJUDICE. Let the Clerk note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 10-21-21
Richmond, Virginia